IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30461
Conference Calendar
_____


DAVID BOUDREAUX, SR.,

                                        Plaintiff-Appellant,

versus

JOHN DOE, Individually and in his
official capacity as Chief Executive Officer,

                                        Defendant-Appellee.


- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 94-CV-1221-J
- - - - - - - - - - -
August 23, 1995
Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     David Boudreaux, Sr., in this 42 U.S.C. § 1983 civil rights
action, appeals from the district court's denial of a motion for
an extension of time to file objections to the magistrate judge's
report recommending the dismissal of his complaint.  The district
court has discretion in enforcing scheduling orders and time
deadlines.  See Geiserman v. MacDonald, 893 F.2d 787, 790-91 (5th
Cir. 1990).  The district court's denial of Boudreaux's second

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

motion for an extension of time to file objections to the magistrate judge's report and recommendation is reviewed for abuse of discretion.  See id. at 793 (court did not abuse its discretion by refusing to grant additional time to file late responses to interrogatories); Fed. R. Civ. P. 6(b).

As the district court reasoned in its order denying the motion, the court, in effect, had already granted Boudreaux two extensions of time in which to file objections to the report when the court received Boudreaux's second motion for an extension of time.  At no time, in the district court or on appeal, has Boudreaux indicated or offered his objections.  Under these circumstances, the district court's denial of the motion did not constitute an abuse of discretion.

AFFIRMED.